IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. DNCW3:05CR277-04 |
| | ) | (Financial Litigation Unit) |
| DENNIS C. ELLIOTT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HOOPAUGH GRADING | ) | |
| COMPANY, LLC, | ) | |
| Garnishee. | ) | |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court in response to the Amended Answer of the Garnishee filed on December 5, 2011 (Docket #682). The United States agrees that Dennis C. Elliott's child support obligation is entitled to priority under applicable law and requests that the Court order that the funds in Garnishee's possession in excess of the child support obligation be applied to the United States' garnishment.

### I. FACTS

Dennis C. Elliott was convicted of Conspiracy to Defraud the United States. In the judgment entered against Defendant on July 6, 2006 (Docket #466), Defendant was ordered to pay a $100.00 assessment and $1,535,370 in restitution to his victims. As of March 23, 2010, a balance of $1,412,170.29 was due and owing on Defendant's restitution obligation, and the United States sought to garnish Defendant's wages. On March 25, 2010, the Court entered a Writ of Continuing Garnishment as to the Garnishee, Hoopaugh Grading Company, LLC. The United States is entitled to a wage garnishment of up to 25% of Defendant's net income and has satisfied the prerequisites set forth in 15 U.S.C. § 1673.

Garnishee filed an Answer on April 12, 2010 indicating that at the time of the service of the Writ, Garnishee had in their custody, control or possession property or funds owned by Defendant, including non-exempt, disposable earnings. The Answer filed on April 12, 2010 further indicated that there had been no previous garnishments of Defendant's wages. However, on April 13, 2010, Garnishee provided documentation to the United States evidencing that Defendant's wages were being garnished for child support in the amount of $782.00 per month. Upon the request of the United States, on December 5, 2011, Garnishee filed an Amended Answer indicating that Defendant's wages are currently being garnished for child support in the amount of $180.46 per week. The United States does not contest the priority of the $180.46 per week distribution to child support.

## II. ANALYSIS

A. <u>Child Support</u>

Child support orders take priority over general debt collection. Pursuant to 28 U.S.C. § 3205(c)(8), "judicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section." This section of the garnishment statute does not differentiate between judicial orders of a state or a federal court as it pertains to priorities of payment. As such, the United States agrees that the existing court-ordered child support garnishment should have priority in this garnishment. However, the United States requests that any funds remaining after the child support garnishment is paid, up to 25% of Defendant's net wages, be applied to Defendant's debt to the United States. The United States further requests that as soon as the child support order is satisfied due to the age of the child(ren), that the full 25% of net earnings of Defendant be applied to the United State's garnishment, and that the Government's garnishment take immediate effect. *See* 28 U.S.C. § 3205(c)(10).

### III. CONCLUSION

For the reasons set forth herein, IT IS HEREBY ORDERED that an Order of Continuing Garnishment is hereby ENTERED in the amount of $1,412,170.29 computed through March 23, 2010, subject to the priority of the existing child support obligation.

IT IS FURTHER ORDERED that upon expiration of the child support obligation, Garnishee shall pay the United States the entire 25% of Defendant's net earnings which remain after all deductions required by law have been withheld, and 100% of all 1099 payments, and shall continue said payments until the debt to the United States is paid in full, or until Garnishee no longer has custody, possession or control of any property belonging to Defendant, or until further Order of this Court.

Payments should be made payable to the United States Clerk of Court and mailed to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, NC 28202. In order to ensure that each payment is credited properly, the following should be included on each check: Court Number DNCW3:05CR277-04.

The United States will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment Defendant would normally receive may be offset and applied to this debt.

Signed: January 4, 2012

David C. Keesler
United States Magistrate Judge